118 So.2d 879

**FOOD TOWN, INC.**

v.

**TOWN OF PLAQUEMINE.**

No. 44751.

March 21, 1960.

Gordon M. White, White & May, Baton Rouge, for plaintiff-appellant.

Edward N. Engolio, City Atty., William O. Templet, Plaquemine, for defendant-appellee.

FOURNET, Chief Justice.

The plaintiff, Food Town, Inc., having been denied permits for the sale of beer and liquor by the Town of Plaquemine, resorted to court proceedings, as authorized in such cases by R.S. 26:104 et seq., seeking judgment decreeing that the said permits be issued to it under the provisions of the town's ordinance No. 562, claiming that it was in the light of these provisions, and after receiving assurances that beer and liquor permits were available, that it purchased the site for its new super market and undertook constructon of the building; alternatively, plaintiff asked that Ordinance No. 570, adopted on July 30, 1956,[1] when its

---

1. Section 7 of that Ordinance prohibited the sale of liquors having an alcoholic content of more than 3.2 per cent by volume on premises situated within three hundred feet of a school, "provided that should said person, firm or corporation applying for said permit file with his application for a permit the written consent of * * * the governing authority of any * * * school within said distance, it shall then be left to the discretion of the Mayor and Board of Selectmen to grant or refuse said permit. * * *" Sec. 11, repealing ordinances

building was almost completed but before formal application was made for the permits, be declared unconstitutional because as drawn, applied and interpreted by defendant, the plaintiff is deprived of its property without due process of law;[2] and in the further alternative, that the ordinance be declared void in that it prescribes an unauthorized method of measurement of distance, and for judgment decreeing that plaintiff's super market is more than 300 feet from the Plaquemine High School. From the ruling of the trial judge dismissing plaintiff's principal contention; holding that while a cursory reading of Section 7 of Ordinance 570 discloses a portion to be unconstitutional, in that there is an illegal delegation of authority by the municipal governing body as well as an attempt to repose discretion in the same body in contravention of State law,[3] the remainder of the Section conforms to the method of measurement delineated in State law and is valid, and therefore plaintiff is not entitled to the permits, plaintiff prosecutes this appeal.

While no motion has been filed to dismiss this appeal or transfer it to the Court of Appeal, and appellate briefs were regularly filed and arguments offered on the merits, the Court sua sponte notes its lack of jurisdiction. No monetary amount is involved;[4] the portion of Section 7 of the Ordinance of the Town of Plaquemine under which permits were denied to plaintiff was not declared unconstitutional; and the case does not fall within any of the other classifications set out in Section 10 of Article 7 of the Constitution covering our appellate jurisdiction.

For the foregoing reasons it is ordered that this appeal be transferred to the Court of Appeal, First Circuit, provided the record is filed in that court within 30 days from the date upon which this decree shall become final, otherwise the appeal shall be dismissed. The costs incurred in this Court shall be paid by appellants.

---

in conflict, had the effect of superseding the provisions of the former ordinance on the subject, No. 562.

2. It appears that plaintiff sought without success to procure formal consent of the School Board—although it did obtain the written consent of many persons, including individual members of the said Board.

3. The State law referred to is found in R.S. 26:80, with emphasis by the trial judge on the last sentence: "Governing authorities of parishes and municipalities may enact ordinances to prohibit the conduct of alcoholic beverage businesses within a certain distance of a parish or municipal public playground or of a building used exclusively as a regular * * * school * * *. No state or local permit shall be issued in contravention of any such ordinance."

4. While an effort was made to show the loss to plaintiff through its president's estimation of the gross profits that would have been made had it had this permit— and which he fixed at $4,972.89—he admitted on cross-examination this would at best be "purely guess work."